JOHN E. KUHN, JR.
United States Attorney

ALLISON O'LEARY
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: allison.oleary@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:22-cr-00019-SLG-KFR |
| Plaintiff, | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| MATTHEW CHRISTOPHER CALDERON, | ) | |
| Defendant. | ) | |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

# I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

## A. Summary of Agreement

The defendant agrees to plead guilty to the following counts of the Indictment in this case: 3 - Drug Conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); and 4 – Possession of Firearm in Furtherance of Crime of Violence or Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The parties agree that the base offense level under USSG 2D1.1(a)(5) is 32. The United States agrees not to prosecute the defendant further for any other offense related to the events that resulted in the charges contained in the Indictment. After the Court accepts the plea agreement and imposes the sentence, the United States agrees to dismiss the remaining counts as they relate to the defendant: Counts 1 and 2.

The defendant will waive all rights to appeal the convictions and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the convictions and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the pleas.

## B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty pleas if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

**1. The defendant agrees to plead guilty to the following counts of the Indictment:**

Count 3: Drug Conspiracy, a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A);

Count 4: Possession in furtherance of crime of violence or drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A)(i).

### B. Elements

The elements of the charges in Count 3 to which the defendant is pleading guilty are as follows:

1. Beginning on or about a date unknown but at least on or about February 2, 2022, there was an agreement between two or more persons to distribute controlled substances;

2. The defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose; and

3. The amount of controlled substance involved was 50 grams or more of pure methamphetamine and 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-1-(2-phenyl-ethyl)-4-piperidinyl, which was known by or reasonably foreseeable to the defendant.

The elements of the charges in Count 4 to which the defendant is pleading guilty are as follows:

1. The defendant committed the crime of drug conspiracy charged in Count 3;

2. The defendant knowingly possessed a firearm; and

3. The defendant possessed the firearm in furtherance of the crime of drug conspiracy charged in Count 3.

**C.   Factual Basis**

The defendant admits the truth of the allegations in Counts 3 and 4 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty pleas and for the imposition of the sentence:

On October 13, 2021, the defendant sold 113 grams of a mixture or substance containing a detectable amount of methamphetamine to a person acting as a confidential informant to law enforcement. This sale took place at the defendant's residence in Anchorage. On February 2, 2022, the defendant sold an additional 140 grams of a mixture or substance containing a detectable amount of methamphetamine to a person acting as a confidential informant to law enforcement. This sale also took place at the defendant's residence in Anchorage.

Following this second, February 2, 2022, sale, law enforcement officers searched the defendant's Anchorage residence and recovered 2001 grams of a mixture or substance containing a detectable amount of methamphetamine, 86 grams of a mixture or substance

U.S. v. Matthew Christopher Calderon
3:22-cr-00019-SLG-KFR          Page 4 of 18
Case 3:22-cr-00019-SLG-KFR   Document 85   Filed 09/01/22   Page 4 of 18

containing cocaine, and 120 grams of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide). The mixture or substance containing methamphetamine contained at least 50 grams of pure methamphetamine. By the time officers searched the defendant's residence on February 2, 2022, the defendant had agreed with at least one other person to distribute the controlled substances recovered from his residence, and he had knowingly agreed with at least one other person to possess with intent to distribute these same controlled substances.

When law enforcement officers searched the defendant's Anchorage residence on February 2, 2022, they recovered six firearms, namely:

1. A Glock 22 .40-caliber pistol,

2. An Anderson AM-15 .223-caliber AR-style rifle,

3. A Sig Sauer P365 9mm pistol,

4. An American Tactical Omni AR-style hybrid,

5. A Smith and Wesson SD9V0 pistol, and

6. A Glock 10mm pistol.

The defendant either knowingly possessed each of these firearms personally in furtherance of the drug conspiracy charged in Count 3 of the Indictment, or it was reasonably foreseeable to him that a coconspirator possessed each of these firearms in furtherance of that drug conspiracy.

U.S. v. Matthew Christopher Calderon
3:22-cr-00019-SLG-KFR         Page 5 of 18
Case 3:22-cr-00019-SLG-KFR   Document 85   Filed 09/01/22   Page 5 of 18

D.  **Statutory Penalties and Other Matters Affecting Sentence**

1.  **Statutory Penalties**

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty pleas, are as follows:

Count 3: 21 U.S.C. § 846 (Drug Conspiracy)

1) 10 years' (mandatory minimum) to life imprisonment;

2) a $10 million fine;

3) a $100 special assessment; and

4) 5 years (mandatory minimum) to life of supervised release.

Count 4: 18 U.S.C. § 924(c) (Possession in furtherance of crime of violence or drug trafficking crime)

1) 5 years' mandatory minimum imprisonment, consecutive to the sentence imposed on any other offense, up to life imprisonment;

2) a $500,000 fine;

3) a $100 special assessment; and

4) 3 years supervised release.

2.  **Other Matters Affecting Sentence**

    a.  **Conditions Affecting the Defendant's Sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of United States Sentencing Guidelines (U.S.S.G). § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any

imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of

the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

There is currently no identifiable restitution owed for the offenses of conviction. The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

### F. Forfeiture

The defendant admits the forfeiture allegations of the Indictment in their entirety, including any substitute asset and money judgment provisions, and that the defendant's interest, if any, in the following property is subject to forfeiture to the United States: United States currency and firearms:

1. $43,789 in United States currency
2. A Glock 22 .40-caliber pistol, serial number FYM240
3. An Anderson AM-15 .223-caliber AR-style rifle, serial number 20011760
4. A Sig Sauer P365 9mm pistol, serial number 66A559415, and
5. A Smith and Wesson SD9V0 pistol, serial number FYB8944.

The defendant agrees not to file a claim, and agrees to withdraw any previously filed claims, to any of the above referenced property in any forfeiture proceeding, administrative or judicial, which has been or may be initiated by the United States. This agreement does not affect or limit the government's ability to initiate or complete any

administrative or civil forfeiture action. It does not affect any forfeiture action already completed.

The defendant further waives the right to notice of any forfeiture proceeding involving this property, agrees not to assist others in filing a claim to said property in any forfeiture proceeding, and will take all steps as requested by the United States to pass clear title to the above referenced property to the United States.

### III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

#### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Guidelines (U.S.S.G). as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

#### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

##### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two-level downward adjustment for acceptance of

responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. Sentencing Recommendations

The United States Probation Office (U.S.P.O) will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty pleas and the Court's acceptance of the defendant's pleas and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the

subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty pleas or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he waives any defense that the statute of limitations bars the prosecution of such a reinstated charge. After the Court accepts the plea agreement and after sentencing, the United States will dismiss the remaining counts (1; and 2) as they relate to the defendant.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

U.S. v. Matthew Christopher Calderon
3:22-cr-00019-SLG-KFR            Page 11 of 18
Case 3:22-cr-00019-SLG-KFR   Document 85   Filed 09/01/22   Page 11 of 18

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.     Appellate Rights**

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without

exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty pleas.

U.S. v. Matthew Christopher Calderon
3:22-cr-00019-SLG-KFR         Page 13 of 18
Case 3:22-cr-00019-SLG-KFR   Document 85   Filed 09/01/22   Page 13 of 18

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Fed. R. Crim. P. 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

### F. Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The defendant, defense counsel, and the attorney for the Government consent to have the defendant's pleas taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the pleas of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The defendant

U.S. v. Matthew Christopher Calderon
3:22-cr-00019-SLG-KFR          Page 14 of 18
Case 3:22-cr-00019-SLG-KFR   Document 85   Filed 09/01/22   Page 14 of 18

agrees that if the defendant is pleading guilty to an offense described in 18 U.S.C. §. 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he agrees in court to the factual basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI.  ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (9), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII.  THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Matthew Christopher Calderon, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my pleas. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty pleas.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my pleas. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential and cannot be

revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty pleas. My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of 3 - Drug Conspiracy, in violation of 21 U.S.C. § 846; and 4 - Possession in furtherance of crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(c) of the Indictment and admit the forfeiture allegation of the Indictment in their entirety.

DATED: 8/28/22

_____
MATTHEW CHRISTOPHER CALDERON
Defendant

U.S. v. Matthew Christopher Calderon
3:22-cr-00019-SLG-KFR                    Page 17 of 18
Case 3:22-cr-00019-SLG-KFR   Document 85   Filed 09/01/22   Page 17 of 18

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charges to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 8/28/22

LANCE WELLS
Attorney for Matthew Christopher Calderon

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

JOHN E. KUHN, JR.
United States Attorney

DATED: 09/01/2022

ALLISON O'LEARY
Assistant United States Attorney

U.S. v. Matthew Christopher Calderon
3:22-cr-00019-SLG-KFR          Page 18 of 18